IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 1, 2022

**STATE OF TENNESSEE v. LARRY DONNELL HIGGINS, JR.**

**Appeal from the Circuit Court for Madison County**
**No. 19-734    Donald H. Allen, Judge**

_____

**No. W2021-00316-CCA-R3-CD**
_____

JILL BARTEE AYERS, J., concurring in part and dissenting in part.

I agree with the majority's conclusion that the evidence sufficiently supports the jury's verdict. However, I respectfully dissent from the majority's holding that the trial court abused its discretion by denying Defendant's motion for a mistrial. As noted by the majority, the decision to enter a mistrial rests within the trial court's discretion. *State v. Bell*, 512 S.W.3d 167, 187 (Tenn. 2015); *State v. Reid,* 91 S.W.3d 247, 279 (Tenn. 2002). "This court will not interfere with the trial court's decision absent an abuse of discretion." *State v. Jones*, 568 S.W.3d 101, 126 (Tenn. 2019) (quoting *Bell*, 512 S.W.3d at 187). A mistrial should only be declared if there is manifest necessity. *State v. Saylor*, 117 S.W.3d 239, 250 (Tenn. 2003). Manifest necessity arises "when a trial cannot continue, or a miscarriage of justice would result if it did." *State v. Land*, 34 S.W.3d 516, 527 (Tenn. Crim. App. 2000). "The purpose for declaring a mistrial is to correct damage done to the judicial process when some event has occurred which precludes an impartial verdict." *State v. Williams*, 929 S.W.2d 385, 388 (Tenn. Crim. App. 1996). The party seeking a mistrial has the burden of establishing its necessity. *State v. Banks*, 271 S.W.3d 90, 137 (Tenn. 2008).

While "no abstract formula should be mechanically applied and all circumstances should be taken into account," when reviewing a trial court's decision denying a motion for a mistrial based on improper testimony, the following non-exclusive factors should be considered: "(1) whether the State elicited the testimony, or whether it was unsolicited and unresponsive; (2) whether the trial court offered and gave a curative jury instruction; and (3) the relative strength or weakness of the State's proof." *Bell,* 512 S.W.3d at 188 (quoting *State v. Nash,* 294 S.W.3d 541, 547 (Tenn. 2009)).

While the trial court credited the prosecutor's statements that the State was not trying to "backdoor" the trial court's ruling on the motion in limine, the prosecutor's open-

ended question about the witness' job duties could have been more narrowly drawn to avoid the response of the witness. However, Officer Miller's comment was brief. He did not identify Defendant as a sex offender and did not testify that Defendant was under his supervision. Officer Miller testified that when he knocked on the door, Defendant told him that his roommate was not there. There was no direct testimony that Defendant was a sex offender under supervision. While acknowledging that there could have been an implication that Defendant was under supervision, there could also have been an implication that Defendant's roommate was under supervision. The first factor tends to weighs in favor of a mistrial, but I do not agree that it is as clear-cut as the majority sees it.

However, the second and third factors support the trial court's decision to deny a mistrial. Regarding the second factor, the defense rejected the trial court's offer of a curative instruction. *Bell,* 512 S.W.3d at 188. (defense rejection of a curative instruction weighs against a mistrial). Again, there was no direct statement that Defendant was on the sex offender registry. The trial court offered a curative instruction and Defendant refused for "tactical reasons," but nonetheless still declined the instruction. The second factor weighs against a mistrial.

Finally, the third prong also strongly weighs against a mistrial. The majority opinion finds the State's evidence to be sufficient to support the convictions, but does not find the evidence of guilt overwhelming. The majority also focuses on the timing of the statement by Officer Miller, concluding that it is problematic because it was made early in the trial. I, however, find the evidence of Defendant's guilt to be overwhelming. The marijuana, digital scale and loaded .22 revolver were found in Defendant's residence. The matching .22 caliber rounds for the revolver were found in Defendant's bedroom under his bed. The amount of the marijuana was inconsistent with personal use, and the presence of the digital scale with marijuana residue and the loaded weapon suggested possession with the intent to deliver. Most importantly regarding the strength of the State's proof, the State played for the jury an audio recording of a phone call Defendant made from the Madison County Jail. On the recording, Defendant clearly states that there were lots of people "there . . . trying to buy some weed." He also states that he had given a cell phone to another person in the residence because he did not want the police know about the cell phone. Two times on the call, Defendant admitted that the other people at the residence were there "buying weed." The third factor strongly weighs against a mistrial. *See State v. Danny Wayne Horn*, No. E2015-00715-CCA-R3-CD, 2016 WL 561181, at *7 (Tenn. Crim. App., Feb. 12, 2016) (holding no abuse of discretion for failure to grant a mistrial when improper testimony that defendant's picture was on a sex offender website was on cross-examination, curative instruction was given, and state presented relatively strong proof including defendant's confession to sexually touching the victim).

Even though the testimony of Office Miller was elicited in direct examination, the jury heard in Defendant's voice that he was selling "weed" and hiding a cell phone from the police. Officer Miller's brief reference to the fact that his job involves supervising sex offenders did not preclude an impartial verdict nor did it create a manifest necessity for a new trial. *See Bell,* 512 S.W.3d at 187-88 (defendant's mother and victim's husband's brief comment that defendant was in prison did not create manifest necessity to warrant a mistrial). The State's proof was overwhelmingly strong. The trial court therefore properly exercised its discretion in denying the motion for a mistrial.

_____
JILL BARTEE AYERS, JUDGE